**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TRACY DUNLAP,

*Plaintiff-Appellee*,

v.

LIBERTY NATURAL PRODUCTS, INC.,
*Defendant-Appellant.*

Nos. 15-35395
16-35113

D.C. No.
3:12-cv-01635-SI

TRACY DUNLAP,

*Plaintiff-Appellant*,

v.

LIBERTY NATURAL PRODUCTS, INC.,
*Defendant-Appellee.*

No. 16-35271

D.C. No.
3:12-cv-01635-SI

OPINION

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted June 6, 2017
Portland, Oregon

Filed December 28, 2017

Before:  Ronald M. Gould and Johnnie B. Rawlinson,
Circuit Judges, and Larry A. Burns,[*] District Judge.

Opinion by Judge Rawlinson

## SUMMARY[**]

### Employment Discrimination

The panel affirmed (1) the district court's decision denying the defendant's renewed motion for judgment as a matter of law on a claim of disability discrimination under the Americans with Disabilities Act and Oregon state law, and (2) the district court's order granting in part the plaintiff's motion for an award of attorney's fees.

The panel held that the district court committed instructional error by conflating the elements of the plaintiff's disparate-treatment and failure-to-accommodate claims. Nevertheless, the instructional error was harmless because the defendant was on notice of the need to accommodate, and it was more probable than not that the jury's verdict was not affected.

The panel held that, construed in the light most favorable to the plaintiff, the evidence supported the jury's finding that

---

[*] The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

a reasonable accommodation existed that would have enabled her to perform the essential functions of her shipping clerk position.

The panel also held that the district court did not abuse its discretion in reducing the plaintiff's fee award by 50 percent based on the degree of success she achieved in the overall litigation.

## COUNSEL

Matthew Kalmanson (argued), Ruth C. Rocker, and Janet M. Schroer, Hart Wagner LLP, Portland, Oregon, for Defendant-Appellant/Defendant-Appellee.

Banafsheh Violet Nazari (argued), Nazari Law, Portland, Oregon; Aruna A. Masih (argued) and Michael J. Morris, Bennett Hartman Morris & Kaplan, Portland, Oregon, for Plaintiff-Appellee/Plaintiff-Appellant.

**OPINION**

RAWLINSON, Circuit Judge:

Appellant Liberty Natural Products, Inc. (Liberty) challenges the district court's decision denying Liberty's renewed motion for judgment as a matter of law (JMOL). Appellee Tracy Dunlap (Dunlap) brought suit against Liberty under the Americans with Disabilities Act (ADA) and Oregon state law, alleging that Liberty failed to accommodate her disability and subjected her to disparate treatment due to her disability. Dunlap challenges the district court's order granting in part Dunlap's motion for an award of attorney's fees.

We have jurisdiction under 28 U.S.C. § 1291 and affirm both decisions.

**I.**

Liberty is a small business that imports and distributes wholesale botanical products. From September, 2006 to April, 2012, Liberty employed Dunlap as a shipping clerk.

In June, 2010, Dunlap began experiencing pain in her right elbow. She filed a workers' compensation claim and a physician later diagnosed Dunlap with bilateral lateral epicondylitis in both elbows. For two years, Dunlap worked full-time for Liberty, with restrictions. Her workers' compensation claim was eventually accepted and later closed. The Notice of Closure, which was sent to both Dunlap and Liberty, classified Dunlap's claim as disabling.

One month after Dunlap's claim was closed, Liberty terminated Dunlap's employment. Dunlap immediately requested reinstatement to her former position or another suitable position. Liberty declined Dunlap's request for reinstatement.

Dunlap then filed an action against Liberty, alleging employment discrimination based on disability under the ADA and under Or. Rev. Stat. §§ 659A.112, 659A.040, 659A.043, 659A.046, and 659A.199. The district court granted summary judgment in favor of Liberty on all but three claims—disability discrimination, "regarded as" disability discrimination, and failure to reinstate or reemploy. The jury returned a verdict in Dunlap's favor on her claim for disability discrimination under the ADA and related Oregon statutes. The jury returned a verdict in favor of Liberty on Dunlap's "regarded as" disability claim and on her failure to reinstate or reemploy claim. The jury awarded Dunlap $70,000 in non-economic damages, and the district court awarded Dunlap $13,200 in backpay damages.

After the district court denied Liberty's renewed motion for JMOL, Liberty filed a timely appeal challenging the jury instructions and the district court's denial of its renewed motion for JMOL. Dunlap subsequently moved for $235,038 in attorney's fees, and the district court granted the motion in part, reducing the requested fees by fifty percent. Dunlap timely appealed the fee award.

## II.

Where a litigant asserts that a challenged jury instruction "is an incorrect statement of law, our review is *de novo*." *Chess v. Dovey*, 790 F.3d 961, 970 (9th Cir. 2015) (citation

omitted).  ["W]hen a litigant in a civil trial fails to object to a jury instruction, we may review the challenged jury instruction for plain error." *Id.*

"We review *de novo* the district court's denial of a Rule 50(b) renewed motion for judgment as a matter of law.  The test is whether the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury. . . ." *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 604 (9th Cir. 2016), *as amended* (citation and internal quotation marks omitted).  "A jury's verdict must be upheld if it is supported by substantial evidence that is adequate to support the jury's findings, even if contrary findings are also possible." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1242 (9th Cir. 2014) (citation omitted).

"[W]e review the calculation of fees for abuse of discretion. . . ." *Chaudhry v. Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014) (citation omitted).

## III.

### A.  Instructional Error

Liberty contends that the district court committed instructional error by conflating the elements of the disparate-treatment and failure-to-accommodate claims.[1]  According to

---

[1] The district court instructed:

To establish or trigger the defendant's . . . duty to provide a reasonable accommodation, the plaintiff . . . must prove by a preponderance of the evidence both of

Liberty, this error "denied the jury the opportunity to decide the foundational issue of whether [Dunlap] triggered a duty to accommodate."

Dunlap counters that Liberty failed to properly preserve its objections to the jury instructions. Dunlap contends in the alternative that any instructional error was harmless. Because the district court proceeded on the basis that Liberty adequately objected to the failure-to-accommodate instruction as a misstatement of the law, we review this issue *de novo*. *See Chess*, 790 F.3d at 970. We also note that Liberty submitted proposed instructions, objected to Dunlap's proposed instructions, and penned a letter to the court regarding the asserted instructional error. *See Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1230 (9th Cir. 2011) (explaining that the proffer of an alternate instruction sufficiently preserves the objection).

Ideally, the district court would have separated the elements of Dunlap's disparate treatment and failure-to-accommodate claims in the jury instructions. We have recognized that a failure-to-accommodate claim "is analytically distinct from a claim of disparate treatment or impact under the ADA." *Johnson v. Bd. of Trustees of Boundary Cty. Sch. Dist.*, 666 F.3d 561, 567 (9th Cir. 2011). Accordingly, the district court's conflation of the elements of Dunlap's disparate treatment and failure-to-accommodate

---

the following elements: 1 comes in two alternatives. 1A deals with a request for awareness. 1A, plaintiff requested of defendant an accommodation due to a disability. Or 1B, defendant became aware that plaintiff needed an accommodation. Either one of those is element No. 1.

claims constituted instructional error as a misstatement of the law. *See id.* Nevertheless, the instructional error was not cause for reversal. *See Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009) ("An error in instructing the jury in a civil case requires reversal unless the error is more probably than not harmless. . . .") (citation omitted). Where "it is more probable than not that the jury would have reached the same verdict had it been properly instructed," the erroneous instruction is harmless. *Id.* (citation omitted).

The record is undisputed that Liberty was on notice of Dunlap's physical limitations. Dunlap provided Liberty with medical notes and releases describing her restrictions. Liberty was also aware of Dunlap's request to use carts and other modifications to her workspace to accommodate her restrictions. Due to this ample notice of Dunlap's physical limitations, Liberty was aware of or had reason to be aware of Dunlap's desire for a reasonable accommodation. *See Humphrey v. Mem'l Hosp. Ass'n*, 239 F.3d 1128, 1137 (9th Cir. 2001). Such awareness triggered Liberty's duty to engage in the interactive process. *See id.* As a result, we do not accept Liberty's contention that the jury was deprived of the "opportunity to decide the foundational issue of whether [Dunlap] triggered a duty to accommodate." Because "it is more probable than not" that the jury's verdict was not affected, the district court's instructional error was harmless. *Clem*, 566 F.3d at 1182 (citation omitted).

## B.  Renewed Motion for JMOL

Liberty contends that the district court erred in denying its motion for renewed JMOL because Dunlap failed to meet her burden to prove that a reasonable accommodation existed that

would have enabled her to perform the essential functions of her shipping clerk position.

We are not persuaded by Liberty's contention. To prevail on her ADA claim, Dunlap was required to establish (1) that she was disabled under the ADA; (2) that she was a qualified individual with a disability; and (3) that she was discriminated against by her employer because of that disability. *See Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). "A qualified individual with a disability is defined as an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. . . ." *Id.* (citation and internal quotation marks omitted). The ADA "defines discrimination to include an employer's failure to make [a] reasonable accommodation." *Mendoza v. The Roman Catholic Archbishop of Los Angeles*, 824 F.3d 1148, 1150 (9th Cir. 2016) (citation, alteration, and internal quotation marks omitted).

The term "'reasonable accommodation' may include . . . acquisition or modification of equipment or devices . . . and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9). Whether an accommodation is reasonable "depends on the individual circumstances of each case, and requires a fact-specific, individualized analysis of the disabled individual's circumstances and the [potential] accommodations." *Mark H. v. Hamamoto*, 620 F.3d 1090, 1098 (9th Cir. 2010) (citation omitted). "Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to engage in an interactive process with the employee to identify and implement appropriate reasonable

accommodations" that will enable the employee to perform her job duties. *Humphrey*, 239 F.3d at 1137.

Construed in the light most favorable to Dunlap, the evidence supports the jury's verdict. *See Estate of Diaz*, 840 F.3d at 604. The record reflects that Dunlap satisfied her burden to prove the existence of reasonable accommodations that would enable her to perform the essential job functions of her position. Dunlap specifically adduced evidence that onsite carts and other affordable assistive devices, such as a scissor lift table, were readily available to Liberty and could have enabled her to perform the essential job function of moving objects from one point to another. Dunlap also established that she placed Liberty on notice of her limitations by providing Liberty her medical restrictions and releases. The record reflects that Liberty discouraged use of the onsite carts, failed to discuss or provide assistive devices, and terminated Dunlap's employment due to her perceived inability to perform the essential job functions of her position. Because the evidence reflected that Liberty had prior notice of Dunlap's limitations, refused to consider or implement her proposed accommodations, and failed to articulate any undue hardship, the district court correctly denied Liberty's renewed motion for JMOL. *See Escriba*, 743 F.3d at 1242 (explaining that JMOL is properly granted only if the evidence "permits only one reasonable conclusion . . . contrary to the jury's verdict") (citation omitted); *see also Humphrey*, 239 F.3d at 1139 (clarifying that an employer is not required to provide an accommodation that would impose undue hardship on the employer).

### C.  Attorney's Fees

Dunlap contends that the district court abused its discretion in reducing her fee award by 50 percent.  We do not agree.

We have held that it is within the district court's discretion to determine "what fees are reasonable." *Chaudhry*, 751 F.3d at 1110 (citation and internal quotation marks omitted).  In addition, the district court is required to "provide a concise but clear explanation of its reasons for the fee award." *Id.* (citation omitted).  The district court may consider  "the degree of success achieved by the prevailing party." *Id.* (citation omitted).

After reviewing the relief Dunlap obtained relative to the overall litigation, the district court explained that "[a] 50 percent reduction based on limited success is reasonable in this case, especially where Plaintiff essentially succeeded on only one of her five claims."[2]  Because the district court

---

[2] The district court reasoned that:

> Although Plaintiff prevailed on her claim of disability discrimination, she did not prevail on her unrelated claims of workers' compensation discrimination, workers' compensation failure to reinstate, workers' compensation failure to reemploy, or whistleblowing. In an equitable sense, it is not unfair to conclude that Plaintiff prevailed on between one-third and one-half of her claims (depending on how they are grouped). This is also generally consistent with the fact that Plaintiff asked the jury to award between $100,000 and $150,000 in emotional distress damages, and the jury awarded $70,000. The Court then added $13,200 in economic damages, for a total award of $83,200. This

provided a "concise but clear explanation of its reasons" for the fee reduction and because we view "the degree of success achieved by the prevailing party" as an appropriate consideration, we defer to the exercise of the district court's discretion and uphold the fee award. *Chaudhry*, 751 F.3d at 1110.[3]

## IV.

Although the district court should not have conflated the instructions for the disparate treatment and failure-to-accommodate claims under the ADA, the error was harmless because the employer was on notice of the need to accommodate. We affirm the attorney fee award as adequately explained and calculated within the district court's sound discretion.

**AFFIRMED.**

---

reflects approximately one-half of what Plaintiff was seeking. One-half of Plaintiff's requested attorney's fees of $235,038 is $117,519.

[3] Contrary to Dunlap's assertions, *Hensley v. Eckhart* does not prohibit reduction of the fee award for Dunlap's unsuccessful claims. *See* 461 U.S. 424, 434 (1983) (conferring upon the district court discretion to reduce a fee award without regard to whether the unsuccessful claims were related to the underlying claim).