**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OUT OF THE BOX ENTERPRISES, LLC, a Texas limited liability company, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> EL PASEO JEWELRY EXCHANGE, INC., a Nevada corporation; EL PASEO JEWELRY, INC.; IVAN KALENSKY, an individual, <br><br> Defendants, <br> and <br><br> RAJU MEHTA, an individual, <br><br> Defendant-Appellant. | No.   13-55239 <br><br> D.C. No. <br> 5:10-cv-01858-VAP-DTB <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Argued and Submitted May 9, 2017
Submission Vacated May 30, 2017
Resubmitted April 27, 2018

Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: CHRISTEN[**] and FRIEDLAND, Circuit Judges, and LASNIK,[***] District Judge.

Defendant-Appellant Raju Mehta appeals a judgment entered in favor of Plaintiff-Appellee Out of the Box Enterprises, LLC.[1] We have jurisdiction under 28 U.S.C. § 1291. Because we conclude that the district court erred by denying Mehta's motion for judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure, we reverse.

We review de novo an order denying a Rule 50(b) motion for judgment as a matter of law. *Dunlap v. Liberty Nat. Prods., Inc.*, 878 F.3d 794, 797 (9th Cir. 2017). We ask "whether the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." *Id.* (quoting *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 604 (9th Cir. 2016)).

---

[**] Judge Christen was drawn to replace Judge Pregerson on the panel following his death. Judge Christen has read the briefs, reviewed the record, and listened to the oral argument.

[***] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

[1] Because the parties are familiar with the facts, we do not recite them here.

The Lanham Act prohibits false advertising. 15 U.S.C. § 1125(a). Where a plaintiff establishes that a competitor has engaged in false advertising, the Lanham Act allows recovery of: (1) the defendant's profits; (2) the plaintiff's damages; and (3) the costs of the action, so long as recovery "constitute[s] compensation and not a penalty." 15 U.S.C. § 1117(a). "[T]he court must ensure that the record adequately supports all items of damages . . . lest the award become speculative or violate [the Lanham Act's] prohibition against punishment." *TrafficSchool.com, Inc. v. EDriver, Inc.*, 653 F.3d 820, 831 (9th Cir. 2011) (alterations in original) (quoting *ALPO Petfoods, Inc. v. Ralston Purina Co.*, 913 F.2d 958, 969 (D.C. Cir. 1990)).

Viewing the evidence in the light most favorable to Out of the Box, the only reasonable conclusion in this case is that Out of the Box failed to meet its burden of adequately proving: (1) that El Paseo's advertisements caused Out of the Box to lose profits; and (2) the amount of any lost profits. *See Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993) ("A plaintiff must prove both the fact and the amount of damage."), *abrogated on other grounds by SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (per curiam). Even assuming Nolte was qualified to render an opinion about how consumer behavior might change in response to variations in the price of gold, and

3

setting aside Out of the Box's scant business history, Nolte's testimony established only a correlation—not a causal relationship—between El Paseo's advertisements and a decline in Out of the Box's projected profits. Nolte's testimony also did not provide the jury with a way to determine by a preponderance of evidence the amount of any lost profits Out of the Box may have suffered as a result of El Paseo's advertisements. In short, the record provides "no way to determine with any degree of certainty what award would be compensatory," as required by our precedent. *TrafficSchool.com*, 653 F.3d at 831.

Nolte's disgorgement calculation is also fatally flawed.[2] The infirmities in Nolte's damages calculation undermine his disgorgement calculation as well. Additionally, Nolte assumed that all of El Paseo's profits during the relevant period were due to its advertisements, without evidence to support that assumption. As in *TrafficSchool.com*, there is no way to determine whether the disgorgement award was compensatory or punitive. *See TrafficSchool.com*, 653 F.3d at 831.

Out of the Box's claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and False Advertising Law, *id.* § 17500, fail along the same lines. Those statutes allow private litigants to recover restitution,

---

[2]    Mehta's Rule 50(b) motion re-raised the arguments he made in his Rule 50(a) motion at the close of Phase II, wherein he pointed out that Nolte's disgorgement calculation was impermissibly speculative.

but not damages. *Colgan v. Leatherman Tool Grp., Inc.*, 38 Cal. Rptr. 3d 36, 59 (Ct. App. 2006). Any award of restitution under those statutes must be of a "measurable amount" and "that measurable amount must be supported by evidence." *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 988 (9th Cir. 2015) (quoting *Colgan*, 38 Cal. Rptr. 3d at 61). Exact proof is not necessary, but California law requires "some reasonable basis of computation." *Id.* at 989 (quoting *Marsu B.V. v. Walt Disney Co.*, 185 F.3d 932, 938–39 (9th Cir. 1999)). As discussed, Out of the Box's evidence at trial fell short of that mark.

Because we conclude that Out of the Box failed to introduce evidence sufficient to establish the existence and amount of its damages or permissible disgorgement, we need not address the other issues Mehta raises on appeal.

**REVERSED.**