

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

DAVID MICHERY,

        Plaintiff-Appellant,

  v.

FORD MOTOR COMPANY, a Delaware corporation,

        Defendant-Appellee.

</td><td>

No.   17-56844

D.C. No.
2:12-cv-04957-RSWL-FFM

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted April 8, 2019
Pasadena, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and RAKOFF,[**] District Judge.

Appellant David Michery (Michery), who was severely injured during an

accident while driving a 1999 Ford Expedition manufactured by Appellee Ford

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Motor Company (Ford), appeals the district court's judgment entered in favor of Ford after a jury trial. Michery alleged that his injuries resulted from a design defect in the Ford Expedition's front bumper.

1. A new trial is not warranted based on the district court's decision not to instruct the jury on comparative fault after Ford withdrew its affirmative defense. Under California law, Ford properly asserted that Michery was unable to demonstrate that his injuries were caused by a design defect. *See Demara v. The Raymond Corp.*, 13 Cal. App. 5th 545, 553 (2017) (explaining that "the plaintiff must prove that the design was a substantial factor in causing an injury") (citations omitted). Michery is also unable to demonstrate the requisite prejudice. *See Dunlap v. Liberty Nat. Prods., Inc.*, 878 F.3d 794, 798 (9th Cir. 2017) (articulating that instructional error is harmless "[w]here it is more probable than not that the jury would have reached the same verdict had it been properly instructed") (citation and internal quotation marks omitted). The jury never reached the issue of causation, instead rendering its verdict in favor of Ford based exclusively on the risk-benefit design test—an entirely independent basis for determining that Ford was not liable. *See Demara*, 13 Cal. App. 5th at 562 (applying risk-benefit test under California law).

2

**2.** The district court properly excluded under Rule 407 of the Federal Rules of Evidence (Rule 407)[1] design improvements to other vehicles several years after the manufacture of the 1999 Ford Expedition. Ford's expert acknowledged that reinforcement of the Expedition's front bumper was feasible, but challenged the utility of Michery's proposed design, thus precluding evidence of subsequent remedial measures. *See Gauthier v. AMF, Inc.*, 788 F.2d 634, 637-38 (9th Cir. 1986) (explaining that, under Rule 407, "where a defendant argues about the trade-offs involved in taking precautionary measures, it is not placing *feasibility* in issue") (citation omitted) (emphasis in the original).

Alternatively, the district court properly excluded subsequent remedial measures implemented on vehicles manufactured several years after the 1999 Ford Expedition as unduly prejudicial under Rule 403 of the Federal Rules of Evidence. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 953 (9th Cir. 2011) (stating that "relevant evidence must be excluded if its probative value

---

[1] Michery failed to raise in district court his assertion that the district court erred under *Erie R. R. Co. v. Tompkins*, 304 U.S. 64 (1938) in applying Rule 407 in lieu of California's more lenient evidentiary rules. Therefore, we decline to address this issue on appeal. *See Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 543 (9th Cir. 2016), *as amended* ("Generally, an appellate court will not hear an issue raised for the first time on appeal. . . .") (citation omitted). In any event, we have recognized that Rule 407 is the governing procedural rule under *Erie*. *See Rosa v. Taser Int'l, Inc.*, 684 F.3d 941, 948-49 (9th Cir. 2012).

is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury") (citation omitted).

**3.** The district court did not abuse its discretion in its formulation of the verdict form. Although listing causation as the first issue to be decided by the jury would have been more consistent with California's civil jury instructions, *see* Cal. Civ. Jury Inst. 1204, Michery fails to demonstrate that the verdict form improperly shifted the burden of proof under the risk-benefit test. The jury was properly instructed that Ford had the burden of proof under the risk-benefit test, and we presume that the jury followed this instruction. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000).

**AFFIRMED.**