**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SYED NAZIM ALI, | No. 19-16981 |
| Plaintiff-Appellant, | D.C. No. 5:19-cv-00509-NC |
| v. | |
| ROBERT HALF INTERNATIONAL, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding[**]

Submitted March 3, 2020[***]

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Syed Nazim Ali appeals pro se from the district court's judgment dismissing

his employment action alleging federal and state law claims.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a dismissal under Federal Rule of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Ali's claims for disability discrimination under the Americans with Disabilities Act ("ADA"), failure to accommodate under the California Fair Employment Housing Act ("FEHA"), and retaliation under Title VII and FEHA because Ali failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (a plaintiff fails to show he is entitled to relief if the complaint's factual allegations "do not permit the court to infer more than the mere possibility of [the alleged] misconduct"); *Dunlap v. Liberty Nat. Prods., Inc.*, 878 F.3d 794, 798-99 (9th Cir. 2017) (elements of an ADA disability discrimination claim); *Freitag v. Ayers*, 468 F.3d 528, 541 (9th Cir. 2006) (elements of a Title VII retaliation claim); *Mamou v. Trendwest Resorts, Inc.*, 81 Cal. Rptr. 3d 406, 428 (Ct. App. 2008) (elements of a FEHA retaliation claim); *Jensen v. Wells Fargo Bank*, 102 Cal. Rptr. 2d 55, 63 (Ct. App. 2000) (elements of a FEHA failure-to-accommodate claim).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**