**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO CARLIN SIMONELLI, | No.  18-16916 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-01448-SVK |
| v. | |
| COUNTY OF MONTEREY; ANDRE L. ROBERTS, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan G. Van Keulen, Magistrate Judge, Presiding

Argued and Submitted February 14, 2020
San Francisco, California

Before:  RAWLINSON and CALLAHAN, Circuit Judges, and S. MURPHY,[**] District Judge.

Appellant Antonio Simonelli (Simonelli) appeals the judgment entered

following a jury verdict in favor of Appellees County of Monterey (County) and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Stephen J. Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Deputy Andre L. Roberts (Deputy Roberts). Simonelli alleges that Deputy Roberts committed battery and assault, and used excessive force when he removed Simonelli from a courtroom in April, 2016. Simonelli also contends that the district court erred in granting summary judgment (1) on his First Amendment claim premised on his exclusion from court proceedings, and (2) on his claim that the County ratified Deputy Roberts' conduct because it failed to conduct an adequate investigation of the incident. Simonelli further asserts that a new trial is warranted due to the district court's erroneous evidentiary rulings and jury instruction on excessive force.

**1.** The district court properly granted summary judgment on Simonelli's First Amendment claim because Simonelli failed to raise a material factual dispute that Deputy Roberts barred him from court proceedings. Simonelli voluntarily left the courtroom, and presented no evidence that Deputy Roberts prevented him from returning. Simonelli also attended court proceedings on other occasions without any interaction with Deputy Roberts.

**2.** The district court correctly held that Appellees were entitled to summary judgment on Simonelli's claim that the County ratified Deputy Roberts' conduct. Simonelli did not raise a material factual dispute that the investigation

2

conducted by the County Counsel's Office was inadequate, or that his detailed complaint was otherwise ignored. *See Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999) (explaining that "a plaintiff must establish that there is a genuine issue of material fact regarding whether a ratification occurred") (citation omitted).

3.      The district court did not abuse its discretion in excluding evidence concerning another courtroom incident involving Deputy Roberts, Deputy Roberts' "information and belief" denials in his answer to the complaint, and Simonelli's disabilities. *See United States Sec. & Exch. Comm'n v. Jensen*, 835 F.3d 1100, 1116 (9th Cir. 2016) (explaining that "[u]nder Rule 403 of the Federal Rules of Evidence, a court may exclude evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury") (citation, alterations, and internal quotation marks omitted).

4.      Finally, the district court did not err in instructing the jury on excessive force in lieu of Simonelli's proposed instruction that any force administered by Deputy Roberts was unreasonable. *See Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019) (explaining that "[i]n evaluating a Fourth Amendment excessive force claim, the jury asks whether the officers'

actions were objectively reasonable in light of the facts and circumstances confronting them") (citation and internal quotation marks omitted).  Moreover, any error was harmless because the jury determined that Deputy Roberts never intentionally touched Simonelli.  *See Dunlap v. Liberty Nat'l Prod., Inc.*, 878 F.3d 794, 798 (9th Cir. 2017) (concluding that "[b]ecause it is more probable than not that the jury's verdict was not affected, the district court's instructional error was harmless") (citation and internal quotation marks omitted).

    **AFFIRMED.**