**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SYED NAZIM ALI, | No. 19-16479 |
| Plaintiff-Appellant, | D.C. No. 5:19-cv-00093-SVK |
| v. | |
| PAYPAL, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan G. Van Keulen, Magistrate Judge, Presiding[**]

Submitted May 4, 2020 [***]

Before:   SCHROEDER, CANBY, and TROTT, Circuit Judges.

Syed Nazim Ali appeals pro se from the district court's judgment dismissing

his employment action alleging federal and state law claims.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a dismissal under Federal Rule of

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Ali's claims for disability discrimination under the Americans with Disabilities Act ("ADA"), failure to accommodate and retaliation under the California Fair Employment Housing Act ("FEHA"), wrongful termination, and intentional infliction of emotional distress because Ali failed to allege facts sufficient to state a plausible claim. As recognized by the district court, the email chain Ali attached to his operative complaint reveals that PayPal reasonably accommodated to his requests by providing him with a "desk for the duration of this contract". *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (a plaintiff fails to show he is entitled to relief if the complaint's factual allegations "do not permit the court to infer more than the mere possibility of [the alleged] misconduct"); *Dunlap v. Liberty Nat. Prods., Inc.*, 878 F.3d 794, 798-99 (9th Cir. 2017) (elements of an ADA disability discrimination claim); *Mamou v. Trendwest Resorts, Inc.*, 81 Cal. Rptr. 3d 406, 428 (Ct. App. 2008) (elements of a FEHA retaliation claim); *Jensen v. Wells Fargo Bank*, 102 Cal. Rptr. 2d 55, 63 (Ct. App. 2000) (elements of a FEHA failure-to-accommodate claim); *Hanson v. Lucky Stores, Inc.*, 87 Cal. Rptr. 2d 487, 495 (Ct. App. 1999) ("The employer is not obligated to choose the best accommodation or the accommodation the employee seeks."); *Janken v. GM Hughes Elecs.*, 53 Cal.

Rptr. 2d 741, 756 (Ct. App. 1996) ("A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged.").

Ali's assertion of retaliation amount to no more than rank speculation not supported by any material facts.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**