NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

H.I.S.C., INC. and DEPALMA
ENTERPRISES, INC.,

                Plaintiffs-counter-
defendants - Appellants,

 v.

MARIA RAJANAYAGAM,

                Defendant - Appellee,

FRANMAR INTERNATIONAL
IMPORTERS, LTD.,

                Defendant-counter-
claimant - Appellee.

No. 19-55515

D.C. No. 3:16-cv-00480-BEN-WVG

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted June 5, 2020
Pasadena, California

Before: LEE and BUMATAY, Circuit Judges, and MOLLOY,[**] District Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

H.I.S.C., Inc. and DePalma Enterprises, Inc. (collectively, "H.I.S.C.") challenge a jury verdict in favor of Franmar International Importers, Ltd. and Maria Rajanayagam (collectively, "Franmar") on trade dress infringement and unfair competition claims involving competing garden brooms. We review the denial of a motion for judgment as a matter of law de novo and uphold the jury verdict if it is supported by "substantial evidence." *Dunlap v. Liberty Nat. Prod., Inc.*, 878 F.3d 794, 797 (9th Cir. 2017). In addition, a motion for new trial is reviewed for abuse of discretion and should only be granted if the verdict is "against the clear weight of the evidence." *Flores v. City of Westminster*, 873 F.3d 739, 748 (9th Cir. 2017). We review the formulation of jury instructions for abuse of discretion. *Hung Lam v. City of San Jose*, 869 F.3d 1077, 1085 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. To prove its claim for infringement of its trade dress, Franmar had to show that (1) the trade dress was non-functional, (2) it acquired secondary meaning, and (3) there was a substantial likelihood of confusion between Franmar's and H.I.S.C.'s products. *adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 754 (9th Cir. 2018). H.I.S.C. contends that substantial evidence does not support the jury's finding that Franmar's trade dress acquired secondary meaning.

Secondary meaning is acquired when "in the minds of the public, the primary significance of a mark is to identify the source of the product rather than the product

2

itself." *Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 211 (2000) (simplified).

Secondary meaning can be established in several ways, including the "exclusivity, manner, and length of use" of the trade dress. *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1151 (9th Cir. 1999). Franmar exclusively distributed and sold its Original Garden Broom in the United States starting as early as 2010, five years before the first sale of H.I.S.C.'s product, the Ultimate Garden Broom. In total, Franmar independently sold 28,644 brooms in the United States between June 2011 and May 2016. One of DePalma Enterprises' owners did not contact Franmar about selling the Original Garden Broom until after learning about it on a gardening website.

Franmar also adduced evidence that H.I.S.C. intentionally copied the trade dress of the Original Garden Broom. *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1016 (9th Cir. 1985) ("Proof of exact copying . . . can be sufficient to establish a secondary meaning."). First, prior to the termination of the parties' agreement, H.I.S.C. attempted to sell the Original Garden Broom under the "Ultimate Garden Broom" name. Second, H.I.S.C. specifically sought to sell a broom with a trade dress identical to that of the Original Broom. Third, H.I.S.C. attempted to procure brooms directly from Franmar's manufacturer in Sri Lanka and eventually found a manufacturer in the same village as Franmar's to produce its

Ultimate Garden Broom. Additionally, H.I.S.C.'s advertisements for the Ultimate Garden Broom highlighted the same trade dress features as the Original Garden Broom and even used a picture of the Original Garden Broom on its advertising.

"Secondary meaning can also be established by evidence of likelihood of confusion." *Transgo*, 768 F.2d at 1015. Rajanayagam testified that she fielded 60-75 telephone calls from confused consumers who thought they purchased Franmar's Original Garden Broom, but in fact bought the Ultimate Garden Broom. A consumer who purchased the Ultimate Garden Broom also testified that she accidentally contacted Franmar, not H.I.S.C., to fix the broom because she was more familiar with the Original Garden Broom.

Accordingly, the jury's finding of secondary meaning is supported by substantial evidence and is not against the clear weight of the evidence. Thus, the district court did not err in denying H.I.S.C.'s judgment as a matter of law or abuse its discretion in denying the request for a new trial.

2. The district court also did not abuse its discretion in its formulation of the jury instructions. The adoption of Ninth Circuit Model Jury Instruction 15.17 was not in error since it is a correct statement of the law, *see Sengoku Works Ltd. v. RMC Int'l Ltd.*, 96 F.3d 1217, 1220–21 (9th Cir. 1996), and neither the law nor the instruction's comments limits its use to disputes between a merchant and distributor.

We also affirm the district court's rejection of H.I.S.C.'s proposed jury

instructions relating to the "advertisement" and "demonstrated utility" factors of the secondary meaning element. Since the district court properly instructed on the secondary-meaning factors and nothing precluded H.I.S.C. from arguing its legal theories to the jury, there was no abuse of discretion. *Brewer v. City of Napa*, 210 F.3d 1093, 1097 (9th Cir. 2000) (holding that rejection of a theory-of-the-case instruction is not error where party is able to argue its theory to the jury and the theory is adequately covered by the other instructions).

**AFFIRMED.**