**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODERICK MARSHALL, | No. 19-55788 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-08630-DMG-MRW |
| v. | |
| THE BOEING COMPANY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted July 10, 2020[**]
Pasadena, California

Before: PAEZ and BADE, Circuit Judges, and GORDON,[***] District Judge.

The Boeing Company appeals a jury verdict in favor of Roderick Marshall

on claims of California Fair Employment and Housing Act (FEHA) hostile work

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

environment harassment, FEHA failure to prevent harassment, and negligent supervision or retention. Boeing's appeal challenges the trial judge's denial of its post-trial motion for judgment as a matter of law or a new trial. We review the denial of a renewed motion for judgment as a matter of law de novo and uphold the jury verdict if it is supported by substantial evidence. *Dunlap v. Liberty Nat. Prods., Inc.*, 878 F.3d 794, 797 (9th Cir. 2017). We review a motion for a new trial for abuse of discretion and reverse "'only if the record contains no evidence in support of the verdict' or if the district court 'made a mistake of law.'" *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 962 (9th Cir. 2009) (quoting *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007)). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. To prove his claim for FEHA hostile work environment harassment, Marshall had to show that Boeing "knew or should have known of the harassment." *Roby v. McKesson Corp.*, 219 P.3d 749, 762 (Cal. 2009), *as modified* (Feb. 10, 2010). There is substantial evidence in the record that Boeing's supervisors knew or should have known of the racial harassment. Thus, the district court did not err in denying Boeing's motion for judgment as a matter of law or abuse its discretion in denying Boeing's request for a new trial.

2. To prove his claim for FEHA failure to prevent harassment, Marshall had to show that Boeing "fail[ed] to take all reasonable steps necessary to prevent

. . . harassment from occurring." Cal. Gov't Code § 12940(k). There is substantial evidence in the record that Boeing's supervisors were aware of ongoing harassment but failed to report it or otherwise intervene. Thus, the district court did not err in denying Boeing's motion for judgment as a matter of law or abuse its discretion in denying Boeing's request for a new trial.

3. To prove his claim for negligent supervision or retention, the jury instructions required Marshall to show that Boeing knew its employees engaged in racist conduct and that the racist conduct created a particular risk of harassment to African-American employees. There is substantial evidence in the record that Boeing's supervisors knew of the racist conduct and knew that the conduct created a particular risk of harassment. Thus, the district court did not err in denying Boeing's motion for judgment as a matter of law or abuse its discretion in denying Boeing's request for a new trial.

**AFFIRMED.**

3