**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTHA WINKLER, | No.   19-16034 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01786-DLR |
| v. | |
| CITY OF PHOENIX, a public entity; JASON GILLESPIE, Officer; individually and in his official capacity as a police officer for Phoenix Police, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| DANIEL V. GARCIA; JOSEPH YAHNER, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted March 2, 2021
Phoenix, Arizona

Before:  BEA and BUMATAY, Circuit Judges, and CARDONE,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

Plaintiff-Appellant Martha Winkler appeals an adverse judgment on two claims brought under 42 U.S.C. § 1983, alleging unlawful arrest and excessive force in violation of the Fourth Amendment. The trial court granted judgment as a matter of law on the unlawful arrest claim, *see* Fed. R. Civ. P. 50(a), and the jury returned a verdict for Defendant-Appellee Officer Jason Gillespie on the excessive force claim. On appeal, Winkler claims the district court erred by: (1) incorrectly instructing the jury on excessive force, and (2) granting the Rule 50 motion.[1] We have jurisdiction under 28 U.S.C. § 1291. We AFFIRM in part, REVERSE in part, and REMAND for a new trial on the excessive force claim.

This court reviews preserved instructional challenges alleging a misstatement of law de novo, and unpreserved instructional challenges for plain error. *Dunlap v. Liberty Nat'l Prod., Inc.*, 878 F.3d 794, 797 (9th Cir. 2017) (citation omitted). Because we ultimately find the excessive force instruction erroneous under either standard, we assume arguendo that plain error applies. *United States v. Daniels*, 760 F.3d 920, 923 (9th Cir. 2014). To obtain relief on plain error review, the challenger must show: (1) error, (2) that was plain, (3) that

---

[1] Winkler also claims the district court erroneously denied her *Batson* challenge. *See Batson v. Kentucky,* 476 U.S. 79 (1986). Because we reverse this case due to the defective jury instruction, we need not address that issue. *See United States v. Hernandez*, 27 F.3d 1403, 1404 n.1 (9th Cir. 1994) (declining to address *Batson* challenge).

affected the challenger's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Bearchild v. Cobban*, 947 F.3d 1130, 1139 (9th Cir. 2020) (citing *C.B. v. City of Sonora*, 769 F.3d 1005, 1017–19 (9th Cir. 2014) (en banc)). We review de novo a district court's order granting a motion for judgment as a matter of law under Rule 50(a). *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008) (citing *Santos v. Gates,* 287 F.3d 846, 851 (9th Cir. 2002)).

> 1. The district court misstated the law on excessive force when it gave the following curative instruction:

> When deciding whether an officer used excessive force during a lawful arrest you are to consider the 11 factors set forth in the Excessive Force Instruction found at pages 13 & 14. *However, whether an officer provoked plaintiff to resist arrest or created the need to use force is not a factor to consider*.

(emphasis added). It is well settled that "the right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (citing *Terry v. Ohio,* 392 U.S. 1, 22–27 (1968)). However, "the force used to make an arrest must be balanced against the need for force: it is the *need* for force which is at the heart of the" excessive force inquiry. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1025 (9th Cir. 2015) (quoting *Blankenhorn v. City of Orange,* 485 F.3d 463, 480 (9th Cir. 2007)).

3

Here, while much of the curative instruction was correct, a critical part of it was not. As discussed below regarding the excessive force claim, the district court had properly determined that the officer had probable cause to arrest Winkler as a matter of law. Yet, Winkler's counsel insisted during his closing argument that the officer should have let her "walk away." A curative instruction was necessary to correct that improper argument, and to preclude the jury from considering whether the officer's decision to arrest Winkler "provoked plaintiff to resist."

However, by directing the jury not to consider whether the officer "created the need to use force," the instruction went too far. In this circuit, among the factors the jury must consider when evaluating excessive force is whether the officer was "simply responding to a preexisting situation," or instead "create[d] the very emergency he then resort[ed] to . . . force to resolve." *Nehad v. Browder*, 929 F.3d 1125, 1135 (9th Cir. 2019) (quoting *Porter v. Osborn*, 546 F.3d 1131, 1141 (9th Cir. 2008)). The instruction precluded, for example, any inference that the takedown maneuver would have been unnecessary had Officer Gillespie not "created the dangerous situation," *Espinosa v. City & Cty. of S.F.*, 598 F.3d 528, 537 (9th Cir. 2010), created his "own sense of urgency," *Nehad*, 929 F.3d at 1135 (citations omitted), failed to use alternative tactics such as de-escalation, *see Lam v. City of San Jose*, 869 F.3d 1077, 1087 (9th Cir. 2017), or failed to warn prior to using force, *Bryan v. MacPherson*, 630 F.3d 805, 831 (9th Cir. 2010). The

instruction thus undermined the requisite "fact-intensive inquiry" into "*all* circumstances pertinent to the need for the force used." *Velazquez*, 793 F.3d at 1024 (emphasis added) (citations omitted).

The Supreme Court's decision in *County of Los Angeles v. Mendez*, 137 S. Ct. 1539 (2017), is not to the contrary. That case invalidated this court's use of the "provocation rule." *See id.* at 1543–44. But the *Mendez* Court expressly declined to decide the argument raised by Officer Gillespie: namely, whether the jury may consider "unreasonable police conduct prior to the use of force that foreseeably created the need to use it." *Id.* at 1547 n.*. Given this court's longstanding endorsement of that factor, the district court's instruction precluding the jury from considering it was in error. *See, e.g., Espinosa*, 598 F.3d at 537.

Viewed in context, that error was plain. *See Bearchild*, 947 F.3d at 1139–40 ("We consider the entire set of instructions as a whole to determine whether an individual instruction . . . incorrectly stated the law."). An instruction is plainly erroneous when it "impermissibly deviate[s]" from "established legal principles." *See id.* at 1148. Here, in the sentence immediately preceding the erroneous instruction, the jury was directed to consider the factors set forth in this court's model instruction on excessive force, which includes the officer conduct factors mentioned above. *See* Ninth Circuit Jury Instructions Comm., Manual of Model Civil Jury Instructions, at 191–94 (2017) (Model Civil Jury Instruction 9.25).

Taken together, the instructions communicated to the jury that it should consider the proper factors, but not *infer* from them that the officer contributed to the need for force. This substantially undermined the excessive force inquiry. *See Velazquez*, 793 F.3d at 1024. To the extent the instructions were in conflict, we "cannot presume that the jury followed the correct one." *See United States v. Lewis*, 67 F.3d 225, 234 (9th Cir. 1995) (reversing and remanding for new trial based on conflicting jury instructions). It was thus "sufficiently clear at the time of trial that the district court's instruction was impermissible." *See Bearchild*, 947 F.3d at 1139 (internal quotation marks and ellipsis omitted) (quoting *Hoard v. Hartman*, 904 F.3d 780, 790 (9th Cir. 2018)). And for similar reasons, we are persuaded that the error prejudiced Winkler's substantial rights in a manner that seriously affected the fairness of the judicial proceeding. *See id.* ("We will usually find sufficient prejudice to warrant reversal where 'it is impossible to determine from the jury's verdict and evidentiary record that the jury would have reached the same result had it been properly instructed.'" (quoting *Hoard*, 904 F.3d at 791)); *see also Dang v. Cross*, 422 F.3d 800, 805 (9th Cir. 2005) ("In evaluating jury instructions, prejudicial error results when, looking to the instructions as a whole, the substance of the applicable law was not fairly and correctly covered." (citation omitted)).

2. The district court did not err by granting Officer Gillespie's Rule 50

motion on unlawful arrest.  Although the court incorrectly suggested in a single stray remark that reasonableness was not the standard, the court's analysis made clear that it was aware of and applied the correct rule.  *See Van Buskirk v. Baldwin*, 265 F.3d 1080, 1085 (9th Cir. 2001).  The court focused entirely on whether there was probable cause to arrest for trespass, and an "arrest is reasonable if the officer has probable cause."  *District of Columbia v. Wesby,* 138 S. Ct. 577, 586 (2018).  Any error in the court's stray remark was therefore harmless.

Moreover, the court correctly found that there was probable cause as a matter of law, despite Winkler's arguments to the contrary.  The uncontradicted facts known to the officer at the time of arrest were "sufficient for a reasonably prudent person to believe that the suspect ha[d] committed a crime." *See Reed v. Lieurance*, 863 F.3d 1196, 1204 (9th Cir. 2017) (quoting *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1076 (9th Cir. 2011)).  Officer Gillespie arrested Winkler in a convenience store parking lot after being dispatched to the scene.  According to the Computer Automated Dispatch, Winkler was "harassing people in the parking lot and refusing to leave."  The store clerks corroborated that information, reporting that their manager had asked Winkler to leave several times, but that she had remained in the parking lot.  This evidence tended to prove each element of the trespass offense for which she was arrested: there was "a reasonable request to leave," communicated by "a person having lawful control over [the] property," but

Winkler had nevertheless "remain[ed] unlawfully." *See* A.R.S. § 13-1502.

Further, whether Winkler was in fact told to leave is beside the point. *See*

*Wilkinson v. Torres*, 610 F.3d 546, 551 (9th Cir. 2010). The "inquiry is not

whether [the arrestee] *was* trespassing," but "whether a reasonable officer had

probable cause to think [she] could have been." *Blankenhorn*, 485 F.3d at 475

(citations omitted). The information then before Officer Gillespie was more than

sufficient to establish probable cause. *See id.* at 472–73, 475 (finding probable

cause as a matter of law where the evidence supported only two out of three

elements of trespass).

**AFFIRMED in part, REVERSED in part, and REMANDED for a new trial on Winkler's excessive force claim.**