**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERRI FREEMAN; EARL FREEMAN, | No. 22-56037 |
| Plaintiffs-Appellants, | D.C. No. 2:20-cv-10661-CBM-SK |
| v. | |
| ETHICON, INC.; JOHNSON & JOHNSON, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Argued and Submitted November 13, 2023
Pasadena, California

Before: RAWLINSON, CLIFTON, and HURWITZ, Circuit Judges.

Plaintiffs Terri and Earl Freeman ("the Freemans") appeal from a judgment

entered after a jury verdict in favor of Ethicon and Johnson & Johnson

(collectively "Ethicon"). The Freemans claim that the jury instructions erroneously

conflated the risks of the Prolift+M device with those posed by other Ethicon

devices not at issue in the case. Because it is unlikely that the outcome would have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

differed under the Freemans' proposed instructions, we affirm.

Erroneous instructions do not justify overturning a jury verdict if it is "more probable than not that the jury would have reached the same verdict had it been properly instructed." *See Dunlap v. Liberty Nat. Prods., Inc.*, 878 F.3d 794, 798 (9th Cir. 2017) (citation and quotations omitted). Here, any hypothetical error in the district court's instructions was harmless. The court's final instructions were almost identical to the language the Freemans suggested in their initial motion for issue preclusion and again in the joint pretrial conference order, merely changing the scope from "Defendants' polypropylene mesh products (*and specifically* the Prolift+M)" to "Defendants' polypropylene mesh products (*including* the Prolift+M)." Although Ethicon took advantage of the final instructions in its closing argument, it could have made the same arguments under the Freemans' proposal. Given the similarity of both formulations—"and specifically" and "including"— it is unlikely that the jury would have seen much daylight between them.

The Freemans appear to have noticed that potential vagueness, which is why their final proposed instructions referred solely to "Defendants' Prolift+M." However, the district court's rejection of that proposal did not preclude the Freemans from arguing that Ethicon's other products carry *some* of the enumerated risks, but that only the Prolift+M features *all* of them. Indeed, the Freemans

2

elicited significant testimony emphasizing the differences between the Prolift+M and the TVT-O, another Ethicon product, and their closing argument underscored those differences. Especially given the opaque nature of a general verdict after a long trial, it does not appear "more probable than not" that the outcome would have differed under a slightly different instruction.

**AFFIRMED.**