NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 19 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-4988 |
| Plaintiff - Appellee, | D.C. No. 2:20-cr-00250-DMG-1 |
| v. | |
| FANTRAYA CARTER, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted February 9, 2026
Pasadena, California

Before: WARDLAW, M. SMITH, and BADE, Circuit Judges.

Fantraya Carter appeals her conviction for possession with intent to

distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

Carter argues that the district court erred by (1) instructing the jury on her duress

defense using a "person of reasonable firmness" standard and (2) permitting the

government's rebuttal closing argument, which she contends improperly shifted

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the burden of proof and denigrated her defense.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Carter waived any challenge to the duress instruction.  Where "the record demonstrates the defendant knowingly relinquished an objection, including an objection to particular jury instructions, the issue is unreviewable on appeal." *United States v. Wilfredo Lopez*, 4 F.4th 706, 732 (9th Cir. 2021).  Here, defense counsel expressly stated on the record that the defense would "accept the Court's written instruction."  Because Carter affirmatively approved the final instruction, she waived any challenge to it.  *Id.* (concluding that the defendant waived objection to the content of a jury verdict form by "expressly approv[ing]" the form "with full knowledge of his rights").

Even absent waiver, Carter cannot establish plain error.  *Dunlap v. Liberty Nat. Prods., Inc.*, 878 F.3d 794, 797 (9th Cir. 2017) (["W]hen a litigant in a civil trial fails to object to a jury instruction, we may review the challenged jury instruction for plain error." (alteration in original) (quoting *Chess v. Dovey*, 790 F.3d 961, 970 (9th Cir. 2015)).  Plain error requires an error that is "clear under current law."  *United States v. Olano*, 507 U.S. 725, 734 (1993).  The challenged language, that the jury should consider whether "a person of reasonable firmness in the defendant's situation would have been unable to resist," tracks this court's precedent.  *See United States v. Lashay Marie Lopez*, 913 F.3d 807, 822 (9th Cir.

2019) ("The question is still whether or not 'a person of reasonable firmness in [the defendant's] situation would have been unable to resist.'") (alterations in original) (emphasis omitted) (quoting Model Penal Code § 2.09(1) (1985)).  An instruction drawn directly from controlling authority cannot constitute plain error.

2. Carter next argues that the government's rebuttal closing argument unlawfully shifted the burden of proof, in violation of Carter's Fifth and Sixth Amendment rights, and improperly denigrated her defense.  Because Carter did not make these specific objections at trial, we review for plain error.  *United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990).

Prosecutors are afforded "considerable leeway to strike hard blows based on the evidence and all reasonable inferences from the evidence."  *United States v. Tucker*, 641 F.3d 1110, 1120 (9th Cir. 2011) (internal quotation marks omitted) (quoting *United States v. Henderson,* 241 F.3d 638, 652 (9th Cir. 2000)).  Comments that highlight weaknesses in the defense do not shift the burden of proof so long as the prosecutor does not suggest that the defendant bears the burden of proving innocence and reiterates that the government carries the burden.  *United States v. Vaandering*, 50 F.3d 696, 701–02 (9th Cir. 1995).

Here, the prosecutor argued that Carter's duress defense and mental-health explanation were inconsistent with the evidence and "too convenient."  These remarks challenged the plausibility of Carter's theory and the credibility of her

testimony. Such arguments fall squarely within the permissible scope of closing argument. *See Tucker*, 641 F.3d at 1120–21.

Nor did the prosecutor improperly denigrate the defense. A prosecutor may attack the strength of the defense on the merits but may not impugn the integrity of defense counsel. *United States v. Ruiz*, 710 F.3d 1077, 1083–84, 1086 (9th Cir. 2013). The rebuttal here addressed inconsistencies in Carter's account and the competing expert testimony regarding her mental health. Because the remarks targeted the credibility of Carter's defense, rather than the integrity of defense counsel, they did not constitute misconduct. *See id.* at 1083, 1086.

**AFFIRMED.**[1]

---

[1] Appellant's motion to extend time to file a reply brief (Dkt. 43) is **DENIED** as moot.

24-4988