**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALICE MENDOZA, an individual,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF LOS ANGELES, a corporation sole, on behalf of and for the benefit of Nativity Church, without prejudice as to Canon Law Erroneously Sued as Archdiocese of Los Angeles,<br>*Defendant-Appellee*. | No. 14-55651<br><br>D.C. No.<br>2:13-cv-02543-GW-MAN<br><br><br>ORDER AND OPINION |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted April 6, 2016[*]
Pasadena, California

Filed June 7, 2016

Before: A. Wallace Tashima, Barry G. Silverman,
and Susan P. Graber, Circuit Judges.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Order;
Per Curiam Opinion

**SUMMARY**[**]

**Employment Discrimination**

The panel withdrew its opinion filed April 14, 2016, and filed a new opinion affirming the district court's summary judgment in favor of defendant in plaintiff's action alleging that defendant violated the Americans with Disabilities Act when it failed to return her to a full time position following her medical leave.

The panel affirmed the district court's summary judgment on claims of disability discrimination and disparate treatment. The panel stated that the Ninth Circuit's ADA cases, requiring a plaintiff who alleges disparate treatment to show either that a discriminatory animus is the sole reason for the challenged action or that discrimination is one of two or more reasons for the challenged decision, at least one of which may be legitimate, remain good law following *EEOC v. Abercrombie & Fitch Stores, Inc.*, 135 S. Ct. 2028 (2015), a Title VII case. The panel also affirmed the district court's summary judgment on plaintiff's reasonable accommodation claim.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

William W. Bloch, LA Superlawyers, Los Angeles, California, for Plaintiff-Appellant.

Daniel R. Sullivan, Carrie A. Stringham, Sullivan, Ballog & Williams, LLP, Santa Ana, California, for Defendant-Appellee.

## ORDER

The per curiam opinion filed April 14, 2016, 2016 WL 1459214, is **WITHDRAWN**, and a new opinion is to be filed contemporaneously with this order.

## OPINION

PER CURIAM:

Plaintiff Alice Mendoza appeals the district court's entry of summary judgment in favor of defendant in Mendoza's action alleging that the defendant violated the Americans with Disabilities Act of 1990 ("ADA") when it failed to return her to a full time position following Mendoza's medical leave. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001), and we affirm.

Mendoza worked full-time as a bookkeeper for a small parish church. She took sick leave for ten months, during which the pastor of the church took over the bookkeeping

duties himself and determined that the job could be done by a part-time bookkeeper. When Mendoza returned from sick leave, there no longer was a full-time bookkeeping position, so the pastor offered her a part-time job, which Mendoza declined. Because the parties do not contest the issue on appeal, we assume without deciding that Mendoza is a qualified individual with a "disability" to bring her claims within the coverage of the ADA, *see* 42 U.S.C. § 12112(a), in spite of the fact that her doctor cleared her to return to work with "no limitations."

The district court properly granted summary judgment to the Archbishop on Mendoza's disability discrimination and disparate treatment claims because Mendoza failed to raise a triable dispute as to whether the Archbishop's legitimate, nondiscriminatory reason for not returning Mendoza to full-time work was pretextual. *See id.* at 1093–94 (holding that, under the ADA, if an employee establishes a prima facie case and the employer provides a nondiscriminatory reason for its adverse action, the employee must raise a triable issue as to pretext); *see also Pac. Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1158 (9th Cir. 2013) (holding that a plaintiff who alleges disparate treatment may demonstrate that discriminatory reason more likely than not motivated defendant).

The Supreme Court's recent decision in *EEOC v. Abercrombie & Fitch Stores, Inc.*, 135 S. Ct. 2028 (2015), does not affect our analysis. In *Abercrombie & Fitch*, the Supreme Court held that, in a Title VII action alleging disparate treatment, the plaintiff need only show that the need for a religious accommodation was a factor motivating the employer's adverse decision. *Id.* at 2032. Knowledge is not a requirement of a Title VII claim. *Id.* at 2032–33. "An

employer may not make an applicant's religious practice, confirmed or otherwise, a factor in employment decisions . . . . If the [job] applicant actually requires an accommodation of that religious practice, and the employer's desire to avoid the prospective accommodation is a motivating factor in his decision, the employer violates Title VII." *Id.* at 2033.

Mendoza's claims are distinguishable, because she alleged, not Title VII violations, but violations of the ADA, which defines discrimination "to include an employer's failure to make 'reasonable accommodation[] to the *known* physical or mental limitations.'" *Id.* (quoting 42 U.S.C. § 12112(b)(5)(A)). We take the opportunity to reiterate that our ADA cases, which allow a plaintiff who alleges disparate treatment to prove her case by demonstrating either that "a discriminatory animus is the sole reason for the challenged action" or that "discrimination is one of two or more reasons for the challenged decision, at least one of which may be legitimate," remain good law. *See Head v. Glacier Nw, Inc.*, 413 F.3d 1053, 1066 (9th Cir. 2005).[1]

The district court properly granted summary judgment to the Archbishop on Mendoza's reasonable accommodation claim because Mendoza failed to establish that a full-time position was available. *See Dark v. Curry Cty.*, 451 F.3d 1078, 1088 (9th Cir. 2006) (holding that the plaintiff has the burden to show existence of reasonable accommodation that

---

[1] We need not decide in this case whether Supreme Court cases decided subsequent to *Head* have eroded *Head*'s vitality. *See Bukiri v. Lynch*, No. 15-56524, 2016 WL 1567030, at *1 n.1 (9th Cir. Apr. 19, 2016) (unpublished decision) (collecting cases from other circuits and declining to address the issue as "not outcome determinative").

would have enabled her to perform the essential functions of an available job).

We need not and do not decide in the first instance whether the Archbishop or the parish church was Mendoza's employer, because it is not necessary for the purpose of deciding this appeal.

**AFFIRMED.**