**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

J. KATHLEEN HUGE,

        Plaintiff-Appellant,

v.

THE BOEING COMPANY, a Delaware
Corporation,

        Defendant-Appellee.

No.    16-35250

D.C. No. 2:14-cv-00857-RSM

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Argued and Submitted June 12, 2018
Seattle, Washington

Before: D.W. NELSON and WATFORD, Circuit Judges, and PREGERSON,**
District Judge.

       J. Kathleen Huge ("Huge") appeals the district court's judgment in favor of

The Boeing Company ("Boeing") on her claims related to Boeing's withdrawal of

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **    The Honorable Dean D. Pregerson, United States District Judge for
the Central District of California, sitting by designation.

the Long Beach offer for discrimination under the Americans with Disabilities Act ("ADA") and the Washington Law Against Discrimination ("WLAD"). "We review for clear error the district court's factual findings in connection with a bench trial." *United States v. Brobst*, 558 F.3d 982, 998 (9th Cir. 2009) (citation and internal quotation marks omitted). We review de novo questions of law, *Villavicencio v. Sessions*, 879 F.3d 941, 945 (9th Cir. 2018) (citation omitted), and mixed questions of law and fact, *Shea Homes, Inc. and Subsidiaries v. Comm'r of Internal Revenue*, 834 F.3d 1061, 1066 (9th Cir. 2016) (citations omitted). We have jurisdiction under 28 U.S.C. § 1291, and we **AFFIRM**.

1. To prove discrimination under the ADA and the WLAD, a plaintiff must establish, among other things, she suffered an adverse employment action "because of" her disability. *Dunlap v. Liberty Nat. Prods., Inc.*, 878 F.3d 794, 798–99 (9th Cir. 2017) (citation omitted); Wash. Rev. Code § 49.60.180(1). Huge claims Boeing withdrew the offer for the Long Beach position because she was on medical leave (and in the process of completing a medical evaluation), and that Boeing placed her on medical leave because of her disability. According to Huge, Boeing withdrew its offer "because of" her disability in violation of the ADA and the WLAD. *Dunlap*, 878 F.3d at 798–99; § 49.60.180(1). The record nonetheless indicates Huge was on medical leave at the time Boeing withdrew its offer, in part,

2

because Huge herself had delayed in bad faith the medical evaluation process. Huge does not challenge the district court's finding in this regard, and hence the line of causation she seeks to establish is not as direct as she claims. Furthermore, the district court did not clearly err in finding Boeing had a "pressing need" to fill the Long Beach position. Under the facts here, she failed to establish that Boeing withdrew the Long Beach offer "because of" her disability in violation of the ADA and the WLAD. *Dunlap*, 878 F.3d at 798–99; § 49.60.180(1).[1]

2. Huge further contends Boeing failed to accommodate her disability in violation of the ADA and the WLAD when it refused to hold the Long Beach job open while she completed Boeing's medical evaluation. However, Huge's request was not one for reasonable accommodation as defined under both statutes—she concedes she did not request any accommodation for her autism with respect to the Long Beach position. Huge sought, in effect, an accommodation not for her disability but for her delay in bad faith during the medical evaluation process. This request to hold the job open cannot be construed as a "reasonable accommodation"

---

[1] Under the WLAD, the plaintiff must prove her disability was a "substantial factor" in the adverse employment action. *Scrivener v. Clark College*, 181 Wash. 2d 439, 447 (2014) (en banc) (citation omitted). Under the ADA, there is tension among the courts as to whether a but-for standard of causation or a "motivating factor" standard applies. *See Mendoza v. The Roman Catholic Archbishop of L.A.*, 824 F.3d 1148, 1150 n.1 (9th Cir. 2016) (citation omitted). Huge failed to meet her burden of proving discrimination regardless of the standard applied.

for her disability under the ADA, 42 U.S.C. § 12112(b)(5), or the WLAD, *see Doe v. Boeing Co.*, 846 P.2d 531, 537 (Wash. 1993) (en banc).

Even assuming her request was one for an accommodation, the district court found—and she does not challenge on appeal—that she had obstructed the interactive process in bad faith to build a lawsuit, which, in turn, delayed her ability to return to work in Renton or to begin work in Long Beach. Huge's bad faith, coupled with Boeing's good faith efforts to engage in the interactive process and offer reasonable accommodation based on the information it had, extinguished Boeing's liability for not providing the accommodation sought. *See Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) (interactive process under ADA "requires . . . direct communication between the employer and employee to explore in *good faith* the possible accommodations" (emphasis added) (citation and internal quotation marks omitted)); *Frisino v. Seattle Sch. Dist. No. 1*, 160 Wash. App. 765, 780 (2011) (same, under WLAD).[2]

3. The medical evaluation Boeing required of Huge for the Long Beach position was appropriate. Boeing had "good cause for trying to determine whether she was able to perform her job," *Yin v. State of Cal.*, 95 F.3d 864, 868 (9th Cir.

---

[2] We do not mean to suggest Huge could never have obtained the accommodation she sought in Long Beach. She could have, if she had not acted in bad faith and delayed the process.

1996), and the proposed medical examination was "job related and consistent with business necessity," 42 U.S.C. § 12112(d)(4).

**AFFIRMED.**