NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORMAN GERALD DANIELS III,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>STUART SHERMAN, Warden, CSATF,<br><br>Defendant-Appellee. | No. 17-17421<br><br>D.C. No. 1:13-cv-00202-AWI-SAB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted January 15, 2019**

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Norman Gerald Daniels III, a California state prisoner, appeals pro se from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

discrimination under the Americans with Disabilities Act (the "ADA").  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Mendoza v. The Roman*

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Catholic Archbishop of L.A.*, 824 F.3d 1148, 1149 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment on Daniels's ADA claim because Daniels failed to raise a genuine dispute of material fact as to whether any alleged violation arose from discrimination against him because of a disability. *See Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability.").

The district court properly granted summary judgment on Daniels's requests for injunctive relief because Daniels lacks standing to seek statewide injunctive relief on behalf of other visually disabled inmates. *See McCollum v. Cal. Dep't. of Corr. & Rehab.*, 647 F.3d 870, 879 (9th Cir. 2011) ("[T]o demonstrate third party standing, a plaintiff must show his own injury, a close relationship between himself and the parties whose rights he asserts, and the inability of the parties to assert their own rights." (citation omitted)).

The district court did not abuse its discretion in denying Daniels's motion to withdraw his admissions because any withdrawal of Daniels's admissions would prejudice defendant. *See* Fed. R. Civ. P. 36(b); *Conlon v. United States,* 474 F.3d 616, 621 (9th Cir. 2007) (standard of review).

The district court did not abuse its discretion in denying Daniels's various motions to compel. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)

17-17421

(standard of review; discovery rulings "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)); *see also Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011) (discussing motions for discovery under Fed. R. Civ. P. 56(d) and explaining that a plaintiff must show that the discovery sought would have precluded summary judgment).

The district court did not abuse its discretion in denying Daniels's motion for leave to file a second amended complaint because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion in denying Daniels's motion for reconsideration regarding the denial of his motion to file a second amended complaint because Daniels failed to establish any basis for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (setting forth grounds for reconsideration under Fed. R. Civ. P. 60(b)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as without merit Daniels's contentions regarding any district court

discrimination or bias.

**AFFIRMED.**