NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREGORY LEE GRAY,

　　　　　　Plaintiff-Appellant,

　v.

D. BRIGHT; et al.,

　　　　　　Defendants-Appellees.

No.　18-16806

D.C. No. 3:15-cv-03277-RS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted July 15, 2019[**]

Before:　SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

　California state prisoner Gregory Lee Gray appeals pro se from the district

court's summary judgment and dismissal order in his action alleging federal claims

arising out of the denial of his request for a single cell.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo.  *Mendoza v. The Roman Catholic*

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Archbishop of L.A.*, 824 F.3d 1148, 1149 (9th Cir. 2016) (summary judgment); *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly granted summary judgment on Gray's medical deliberate indifference claim because, even assuming Gray properly exhausted his administrative remedies, Gray failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in treating his snoring by not giving him a single cell. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health).

The district court properly granted summary judgment on Gray's Americans with Disabilities Act ("ADA") failure-to-accommodate claim because Gray failed to raise a genuine dispute of material fact as to whether defendants discriminated against him because of his disability. *See Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1021-22 (9th Cir. 2011) (discussing elements of a failure-to-accommodate claim under ADA), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).

The district court properly dismissed Gray's failure-to-protect claim because Gray failed to allege facts sufficient to show that the denial of Gray's request for a single cell posed a substantial risk of serious harm that defendants knew of and

disregarded.  *See Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (elements of a failure-to-protect claim).

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**