NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEFANY HAZELETT, | No. 19-16628 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00274-MMD-CBC |
| v. | |
| WAL-MART STORES, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted August 12, 2020
San Francisco, California

Before: TASHIMA and CHRISTEN, Circuit Judges, and BATAILLON,** Senior
District Judge.

Plaintiff-Appellant Stefany Hazelett (hereinafter "Hazelett") appeals the

district court's granting of summary judgment in favor of defendant Wal-Mart

Stores, Inc. (hereinafter "Wal-Mart") under the Family Medical Leave Act,

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Joseph F. Bataillon, United States Senior District
Judge for the District of Nebraska, sitting by designation.

("FMLA"), 29 U.S.C. § 2601; the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.; and the claims of retaliatory discharge under the public policy of Nevada common law and for retaliation under the FMLA. The district court granted the motion for summary judgment in its entirety finding that Hazelett: failed to give sufficient notice of her intent to take FMLA leave; and she offered no evidence to support her retaliation claims. Last, the district court determined that plaintiff's proposed reasonable accommodations were unreasonable under the ADA.

## BACKGROUND

Hazelett worked for Wal-Mart, beginning August 10, 2010, at a retail store near her home, and in 2014 she became an order-filler at one of the Wal-Mart distribution centers, which was a substantially farther distance from her home. She was injured at work on February 28, 2015. Plaintiff injured her foot at work on February 28, 2015. Hazelett initially filed for workers' compensation and at a later date requested a leave of absence. During her work-related temporary disability, Wal-Mart offered Hazelett a temporary alternate duty ("TAD") assignment. The form on which she chose the assignment includes an option for refusing the temporary duty assignment. It provides: "I REFUSE the Temporary Alternate Duty (TAD) position being offered to me _and_ acknowledge that my benefits could be suspended or denied due to noncompliance." In short, Hazelett was injured on the

2                                                                                    19-16628

job, offered a TAD which her injury prevented attendance, and then terminated due to the effects of her injury.

Her work-related disability prevented her from operating a motor vehicle. The TAD required her to report to work in the wee hours of the morning when no public transportation, save a taxi, was available. As a result, she was unable to find transportation. Hazelett called out sick every day that she was absent. She believed all of her absences were excused, as they were related to her workers' compensation injury. *See* attendance policy. Ultimately, Hazelett was discharged due to excessive absence on the same day she requested family medical leave.

Wal-Mart used an outside administrator to handle its workers' compensation cases and its requests for leave of absences. Sedgwick Claims Management Services (hereinafter "Sedgwick"), the administrator, handled both the workers' compensation cases as well as requests for leave of absences through two separate departments.

Hazelett argues that she did not realize initially that she had to separately communicate to both departments at Sedgwick, one for her workers' compensation claim and another department for her request for a leave of absence.

Hazelett timely filed a charge with the Equal Employment Opportunity Commission (hereinafter "EEOC"). The EEOC issued Hazelett a right to sue letter on August 2, 2017. She then filed suit in federal court. Wal-Mart filed a motion for

summary judgment. The district court granted the motion, finding that Hazelett failed to establish a prima facie case for FMLA interference, as she did not comply with Wal-Mart's policies and procedures; and the district court granted summary judgment on the FMLA retaliation claim, finding there was insufficient evidence that the proffered reason argued by Wal-Mart was pretextual.

The district court also granted summary judgment as to the ADA claim, declining to reach the issue of whether it was time barred, finding that, in any event, Hazelett should not prevail on the merits of this claim. The district court found that Wal-Mart offered her leave, but she failed to comply with the policies and procedures to request the leave; that Wal-Mart was not required to provide transportation to Hazelett; and that the ADA did not require Wal-Mart to offer Hazelett a different job closer to home.

With regard to the retaliation for filing a workers' compensation claim, the district court determined that Hazelett "does not dispute that Defendant's proffered reason for her termination is that she was not making herself available for work or following Defendant's process for requesting leave." The district court likewise found insufficient evidence for the FMLA retaliation claim.

## STANDARD OF REVIEW

Summary judgment is reviewed *de novo*. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011); *Schnidrig v. Colombia Mach., Inc.*, 80 F.3d 1406,

1408 (9th Cir. 1996). On appeal, the Court views the evidence in the light most favorable to the nonmoving party and determines whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

The Court concludes that there are significant material facts at issue with regard to the FMLA and the ADA claims.

The FMLA is a remedial statute. *Nev. Dep't Hum. Res. v. Hibbs*, 538 U.S. 721, 737-38 (2003). It is a violation of the FMLA for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under [this act]." 29 U.S.C. § 2615(1). As stated by the Ninth Circuit:

> To make out a prima facie case of FMLA interference, an employee
> must establish that (1) [s]he was eligible for the FMLA's protections,

5                                                                    19-16628

(2) [her] employer was covered by the FMLA, (3) [s]he was entitled to leave under the FMLA, (4) [s]he provided sufficient notice of his intent to take leave, and (5) [her] employer denied [her] FMLA benefits to which [s]he was entitled.

*Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014) (citations and quotation marks omitted).  Further,

If the health care provider treating the employee for the workers' compensation injury certifies the employee is able to return to a light duty job but is unable to return to the same or equivalent job, the employee may decline the employer's offer of a light duty job. As a result, the employee may lose workers' compensation payments, but is entitled to remain on unpaid FMLA leave until the employee's FMLA leave entitlement is exhausted.

29 C.F.R. § 825.207(e).  There is evidence that: Hazelett called into work every single day to report her leave; Hazelett provided a doctor's note for a period of leave that covered more than the 1/3 of Hazelett's leave; confusion existed about having to notify one company of her workers' compensation claim and her request for leave by having to contact two different departments within the same company[1]; and whether Wal-Mart provided Hazelett in writing with notice of any alleged deficiencies from her medical certification and allowed her to cure the deficiency, 29 C.F.R § 825.305(c).  Overlying this confusion, Wal-Mart gave Hazelett a TAD offer that instructed that if she did not accept, she could lose her job and benefits.  A reasonable juror could conclude that Hazelett thought she had to sign the form in

---

[1] The District Court likewise found this confusion contributed to the events that took place.

order to keep her worker's compensation benefits despite the fact she was likely unable to commute to the offered light duty position. Further, there are issues of material facts regarding whether Hazelett failed to comply with the policy and procedures for requesting leave, and whether such policies were ambiguous. The attempts she made to comply created issues of material facts to be decided at trial.

As for the ADA claim, Title I of the ADA prohibits "discriminat[ion] against a qualified individual on the basis of disability in regard to . . . discharge of employees . . . and privileges of employment." 42 U.S.C. § 12112(a). To establish a prima facie case of discrimination under the ADA, a plaintiff must show that [s]he "(1) is disabled; (2) is 'qualified' and (3) suffered an adverse employment action because of his disability." *Hutton v. Elf Atochem N.A., Inc.*, 273 F.3d 884, 892 (9th Cir. 2001). If Hazelett meets her burden, it shifts to Wal-Mart to offer a legitimate non-discriminatory business reason for the employment termination. If such a reason is articulated, the burden shifts back to the plaintiff to show pretext.

The ADA "defines discrimination to include an employer's failure to make [a] reasonable accommodation." *Mendoza v. Roman Cath. Archbishop of L.A.*, 824 F.3d 1148, 1150 (9th Cir. 2016). Accommodations may include leaves of absences and reassignments. 42 U.S.C. § 12111(9). "The ADA treats the failure to provide a reasonable accommodation as an act of discrimination if the employee is a qualified individual, the employer receives adequate notice, and a reasonable accommodation

is available that would not place an undue hardship on the operation of the employer's business." *Snapp v. United Transp. Union*, 889 F.3d 1088, 1095 (9th Cir. 2018) (citing 42 U.S.C. § 12112(b)(5)(A)). Further, the *Snapp* court stated

> [w]e hold that employers, who fail to engage in the interactive process in good faith, face liability for the remedies imposed by the statute if a reasonable accommodation would have been possible. We further hold that an employer cannot prevail at the summary judgment stage if there is a genuine dispute as to whether the employer engaged in good faith in the interactive process.

*Id.* at 1116 (citing *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1116 (9th Cir. 2000) (en banc) *vacated on other grounds sub nom. U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 406 (2002).

Wal-Mart argues Hazelett cannot meet her burden of establishing a prima facie case, because she could not do the physical requirements of her regular job, with or without reasonable accommodation. Further, Wal-Mart contends that Hazelett could not get herself to work, so that is another reason she was not qualified. Assuming Hazelett made her prima facie case, Wal-Mart offered a legitimate, non-discrimination reasons for its discharge, contending that Hazelett refused to report to light duty or in the alternative apply for a leave of absence.

Viewing the evidence in the light most favorable to Hazelett, she meets all the requirements of a prima facie case under the ADA, and for purposes of this motion: she is disabled; she is qualified; and she was fired by Wal-Mart. Further, it appears that Wal-Mart failed to participate in the interactive process required under the

8    19-16628

ADA, *see Barnett,* 228 F.3d at 1111 ("The legislative history makes clear that employers are required to engage in an interactive process with employees in order to identify and implement appropriate reasonable accommodations."). Second, Wal-Mart failed to provide Hazelett two requested accommodations: that she be given leave until July 17, 2015, in her FMLA Medical Certification when she would be released to drive, and two, an assignment to an alternative job to which she could commute. Further, although not required under the law, Wal-Mart could have allowed Hazelett to work at her previous Wal-Mart location. She could have received rides to and from work under that scenario until she was released to drive on July 17 and then return to the Wal-Mart distribution center thereafter. She could also have been permitted to start her new transfer job which had already been approved one week after her accident. Despite the fact her disabling injury was suffered in service of Wal-Mart, none of these possible accommodations were discussed, much less offered. There exist issues of material fact with regard to the possible accommodations offered to Hazelett and whether there was a meaningful interactive process.

The Court finds that there is insufficient evidence to support either the FMLA retaliation claim or the public policy retaliation to the jury. To establish a claim for retaliatory discharge under Nevada law, "a plaintiff must show that her 'protected conduct'" was the proximate cause of her termination." *Allum v. Valley Bank of*

*Nev.*, 970 P.2d 1062, 1066 (Nev. 1998). Hazelett has offered insufficient evidence on this claim. She has stated that she believes this is what happened, but she offers no evidence in support.

With regard to the retaliation claim under the FMLA, again, we conclude that there is insufficient evidence submitted by the plaintiff. As stated by the Nevada District Court:

> To establish a prima facie case, a plaintiff must establish: (1) [s]he engaged in a protected activity under the FMLA; (2) [s]he suffered some adverse employment action by the employer following the protected activity; and (3) the adverse employment action was causally linked to the protected activity.

*Browett v. City of Reno*, 237 F. Supp. 3d 1040, 1046 (D. Nev. 2017). When Hazelett was asked at her deposition for evidence that she was retaliated against, she admitted she had none beyond her personal belief.

Accordingly, the district court is **REVERSED** as to the claims under the ADA[2] and the FMLA, and those claims shall proceed to trial. The district court is **AFFIRMED** as to the granting of summary judgment on the public policy retaliation claim and the FMLA retaliation claim. Hazelett is awarded her costs on appeal.

---

[2] However, there is an issue regarding the timeliness of the ADA claim and whether it is time-barred, and the district court chose not to address that issue. The district court should consider that claim prior to submitting the ADA issue for trial.