NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOMINGO P. RICASA,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES; PANKAJ BHANOT, in his official capacity as Director, State of Hawaii, Department of Human Services,<br><br>        Defendants-Appellees. | No.   19-17288<br><br>D.C. No.<br>1:18-cv-00033-HG-WRP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted February 16, 2022[**]
Honolulu, Hawaii

Before: HAWKINS, R. NELSON, and FORREST, Circuit Judges.

Domingo P. Ricasa appeals the adverse grant of summary judgment in his

employment discrimination and retaliation action under Title VII of the Civil Rights

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Act of 1964, the Americans with Disabilities Act ("ADA"), § 504 of the Rehabilitation Act, and the Age Discrimination in Employment Act ("ADEA") against the State of Hawaii; the State of Hawaii Department of Human Services ("HDHS"); and Pankaj Bhanot, the Director of HDHS, in his official capacity. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Updike v. Multnomah County*, 870 F.3d 939, 947 (9th Cir. 2017), we affirm.

1.      Ricasa does not dispute that the Eleventh Amendment bars his claims under the ADA and ADEA for money damages and retrospective relief against the State, HDHS, and Bhanot in his official capacity. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000); *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001). Nor does he challenge the conclusion that his Title VII sex discrimination and hostile work environment claims are time-barred. *See Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1112 (9th Cir. 2018). Thus, we affirm the district court's grant of judgment on those claims.

2.      It was also permissible to grant summary judgment on Ricasa's remaining claims. To establish a prima facie case of discrimination under the ADA or § 504 of the Rehabilitation Act, Ricasa must show that (1) he was disabled, (2) he was otherwise qualified to perform the essential functions of his position with or without reasonable accommodation, and (3) an adverse employment decision was made against him because of his disability. *See Kennedy v. Applause*, 90 F.3d 1477,

1481 (9th Cir. 1996). Ricasa concedes that he is unable to perform the essential functions of a youth corrections officer but nevertheless argues summary judgment was inappropriate because he could have fulfilled the role if given a permanent light duty assignment. However, as the district court acknowledged, Ricasa failed to present evidence showing that any permanent light duty positions exist for youth corrections officers. *See Wellington v. Lyon Cnty. Sch. Dist.*, 187 F.3d 1150, 1155 (9th Cir. 1999) (recognizing that "[a] 'reasonable accommodation' has not . . . been held to include creation of a new job"). Thus, summary judgment was warranted. *See Mendoza v. The Roman Catholic Archbishop of Los Angeles*, 824 F.3d 1148, 1150 (9th Cir. 2016) (per curiam).

3.	To establish a prima facie case of retaliation under the relevant statutes, Ricasa was required to show: (1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal connection between the two. *See, e.g., T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 472–73 (9th Cir. 2015). Ricasa did not present direct evidence demonstrating that the complaints he lodged in 2015 caused his 2017 transfer to a different HDHS division. Instead, the undisputed evidence shows that Ricasa was transferred because he was deemed medically unable to perform the duties of a youth corrections officer, and no permanent light duty position was available within the corrections department. In light of the defendants' proffered reason for Ricasa's transfer and the length of time

between Ricasa's complaints and his transfer, the timing of events alone is insufficient to warrant an inference of causation. *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 802 (9th Cir. 2003).

4.　　Finally, to establish a prima facie claim of age discrimination under the ADEA, Ricasa was required to show: (1) he was at least forty years old, (2) he was qualified for the position he sought, (3) he was denied the position, and (4) the position was given to a substantially younger person. *Shelley v. Green*, 666 F.3d 599, 608 (9th Cir. 2012). Ricasa submitted a declaration stating that in September 2015 he requested but was denied a temporary light duty assignment while two younger officers were given such assignments. Even assuming Ricasa's declaration was sufficient to make a prima facie showing, summary judgment was appropriate. *See id.* at 609. The defendants submitted a declaration providing a legitimate non-discriminatory explanation for its action—Ricasa's doctor had cleared him to return to work at full capacity while the other officers' doctors recommended the officers be limited to temporary light duty assignments due to medical conditions. Ricasa did not offer any evidence specifically to rebut the defendants' proffered explanation, and his declaration standing alone was insufficient to avoid summary judgment. *See id.*

**AFFIRMED.**

19-17288