**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIONDRE COBB, | No.   22-35240 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00828-TLF |
| v. | |
| ALASKA AIRLINES, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Submitted March 22, 2023[**]
San Francisco, California

Before:  WALLACE, SILVERMAN, and N.R. SMITH, Circuit Judges.

Diondre Cobb appeals pro se from the district court's summary judgment for

his former employer, Alaska Airlines (Alaska), on Cobb's claims that Alaska

discriminated against him due to his disability in violation of the Americans with

Disabilities Act (ADA) and Washington Law Against Discrimination (WLAD),

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

interfered with and retaliated against him for his use of Family and Medical Leave Act (FMLA) leave, and did not pay him for statutory sick leave under Wash. Rev. Stat. § 49.46.210. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment. *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 954 (9th Cir. 2013). We affirm.

In early 2019, Cobb was diagnosed with hydrocephalus, a condition affecting his brain. Alaska, where he worked as a customer service agent in Washington state, approved him for intermittent FMLA leave, which included two absences per week. In July 2019, Cobb was considering traveling to Hawaii to destress from his condition and, using employee travel privileges, registered for flights to Hawaii for himself and two others departing August 7, 2019. Cobb attempted to switch his scheduled August 9 work shift with another employee, but was ultimately unable to secure the trade before his planned flight to Hawaii. On August 9, while in Hawaii, Cobb called into work to report the use of FMLA leave for that day and did not go to work. Cobb also invoked FMLA leave on the evening of August 11, when he arrived in Portland from Hawaii, for his shift set to begin in the early hours of August 12, and did not go into work on August 12.

Upon Cobb's return, Alaska conducted interviews and an investigation of Cobb's absences from work on these days, and discharged him on August 26, 2019 after concluding that he violated various company policies when he invoked FMLA

2

leave on August 9 and 12. After pursuing administrative remedies, Cobb filed his complaint in state court and it was then removed to district court, where Magistrate Judge Theresa Fricke granted summary judgment for Alaska, holding that there is no genuine dispute of material facts regarding each of Cobb's claims. Cobb appeals, asserting that the court erred because it did not consider the facts in the light most favorable to Cobb and favored Alaska's proposed facts over his.

Cobb first maintains that the district court erred in granting summary judgment for Alaska on Cobb's discrimination claims. A plaintiff can demonstrate discrimination in violation of the ADA and WLAD by first establishing that he was discharged on the basis of a disability; then, if the employer provides a legitimate, non-discriminatory reason for the discharge, the burden shifts back to the plaintiff to produce evidence that the employer's proffered reason is a mere pretext for a discriminatory purpose. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093 (9th Cir. 2001); *Bell v. Boeing Co.*, 599 F. Supp. 3d 1052, 1072 (W.D. Wash. 2022).

The district court did not err in holding that Cobb failed to raise sufficient evidence to create a genuine issue of material fact that Alaska discharged him on the basis of his disability. Further, Alaska provided a legitimate, non-discriminatory reason for Cobb's discharge, and Cobb has not met the burden of persuasion to show that Alaska's proffered reason was a mere pretext. *Mendoza v. The Roman Cath.*

3

*Archbishop of Los Angeles*, 824 F.3d 1148, 1150 (9th Cir. 2016). Alaska states that it discharged Cobb not due to his disability but because Cobb violated company policies, including its policy against dishonesty and against use of travel privileges while on FMLA leave unless to receive medical treatment, when he invoked FMLA leave on August 9 and 12 without consulting his supervisors prior to doing so and did not travel specifically to receive treatment in Hawaii. Such bases may be lawful, legitimate reasons for discharge, and Cobb has not provided evidence indicating that these reasons are mere pretexts. While Cobb is correct that, at the summary judgment stage, the court must view evidence in the light most favorable to the nonmoving party, Cobb has not introduced "specific and substantial evidence" of discrimination beyond his pleadings, upon which he cannot rest to show that there is a genuine issue for trial. *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003); *Banks v. Bethlehem Steel Corp.*, 870 F.2d 1438, 1441 (9th Cir. 1989).

The district court also did not err in holding that Cobb has not presented material evidence of an interference claim. For an FMLA interference claim, Cobb must show that (1) he was eligible for the FMLA's protections; (2) his employer was covered by the FMLA; (3) he was entitled to leave under the FMLA; (4) he provided sufficient notice of his intent to take leave; and (5) his employer denied him FMLA benefits to which he was entitled. *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011). Moreover, Cobb must prove by a preponderance of the evidence

4

that his taking of FMLA-protected leave constituted a negative factor in Alaska's decision to discharge him. *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir. 2001). The district court was correct to hold that Cobb has not shown all of these elements nor produced evidence showing that it was his use of FMLA leave for which he was discharged. Alaska consistently allowed Cobb to take FMLA leave, which he did for many months, when it was requested and approved according to company policies, with no discernible denial of benefits. Thus, Cobb's use of FMLA leave itself did not appear to be a negative factor in the decision; meanwhile, his last-minute invocation of it to excuse his scheduled work shifts did.

Similarly, Cobb failed to provide material evidence showing how Alaska retaliated against him by discharging him as a result of him taking FMLA-protected leave. To prevail on an FMLA retaliation claim, Cobb must present a prima facie case under the *McDonnell Douglas* burden-shifting framework that (1) he was engaged in protected activity; (2) he suffered an adverse action; and (3) there was a causal link between the two. *Emeldi v. Univ. of Or.*, 673 F.3d 1218, 1223 (9th Cir. 2012); *Cornwell v. Microsoft Corp.*, 192 Wash. 2d 403, 411 (2018). Cobb has not demonstrated material evidence of a causal link between his discharge and his FMLA-protected activity. Again, Alaska allowed Cobb to take FMLA leave regularly for months with no adverse action taken against him for doing so. It was only after Cobb failed to comply with Alaska's policies that Alaska discharged him.

5

Finally, Cobb failed to establish a triable issue as to his statutory sick leave claim under Wash. Rev. Stat. § 49.46.210. Cobb's arguments that Alaska "punished" him and denied him sick leave are unsubstantiated. A nonmoving party must "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial," which Cobb has failed to do. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(e)). Alaska presented substantive, specific evidence that Cobb was not denied any paid sick leave or disciplined for taking protected sick leave, and Cobb presented no material evidence to refute Alaska's evidence. A jury could not reasonably render a verdict in Cobb's favor and, therefore, the court did not err. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).

**AFFIRMED.**