NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KAREN SHIELDS,

Plaintiff - Appellant,

v.

CREDIT ONE BANK, N.A.; CREDIT ONE FINANCIAL; SHERMAN FINANCIAL GROUP, LLC,

Defendants - Appellees.

No. 23-2955

D.C. No.
2:19-cv-00934-JAD-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted October 11, 2024[**]
Las Vegas, Nevada

Before: BEA, BENNETT, and MILLER, Circuit Judges.

Karen Shields appeals the district court's grant of summary judgment in

favor of her former employer, Credit One Bank, on her single claim of disability

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discrimination and failure to accommodate under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(a). Because the parties are familiar with the facts, we recount them only as relevant to our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's grant of summary judgment, viewing the evidence in the light most favorable to Shields, the nonmoving party, to determine whether there are genuine issues of material fact. *See Csutoras v. Paradise High School*, 12 F.4th 960, 965 (9th Cir. 2021).

1. We analyze Shields's ADA claim under the *McDonnell Douglas* burden-shifting framework. *See Curley v. City of North Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973)). First, the plaintiff must establish a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. Second, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for the termination. *Id.* Third, once the employer has done so, "the burden shifts back to the employee to prove that the reason given by the employer was pretextual." *Curley*, 772 F.3d at 632.

Shields suggests that this court should forgo any analysis under *McDonnell Douglas* and instead look to *Humphrey v. Memorial Hospitals Ass'n*, 239 F.3d 1128 (9th Cir. 2001). Contrary to Shields's suggestion, *Humphrey* does not

articulate an alternative framework to *McDonnell Douglas*. Where, as here, the employer "disclaims any reliance on the employee's disability in having taken the employment action," *McDonnell Douglas* provides the appropriate analytical framework. *Snead v. Metropolitan Property & Cas. Ins. Co.*, 237 F.3d 1080, 1093 (9th Cir. 2001) (quoting *Mustafa v. Clark Cnty. School Dist.*, 157 F.3d 1169, 1175–76 (9th Cir. 1998)).

2. We assume that Shields established a prima facie case of disability discrimination and failure to accommodate, namely that (1) she was a disabled person within the meaning of the ADA, (2) she was a qualified individual with a disability who can perform the essential functions of the job, and (3) she was terminated because of her disability. *See Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) (disability discrimination); *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (failure to accommodate); 42 U.S.C. § 12112.

Next, we agree with the district court that Credit One "proffered a legitimate, nondiscriminatory reason for Shields's termination." Credit One explains that Shields was terminated because her "HR Generalist position was eliminated as part of an on-going restructuring of the HR department, which was initiated by the hiring of a new head of the department months before Shields even knew that she needed a biopsy." On appeal, Shields does not dispute that "some

employees were hired, fired or transferred after [the new department head] was hired." Instead, she claims that Credit One failed to produce documentary or corroborative evidence to substantiate its restructuring rationale. But an employer is not required to produce such evidence to establish that its rationale is legitimate and nondiscriminatory. *See Texas Dept. of Cmty. Affs. v. Burdine*, 450 U.S. 248, 255 (1981) (requiring only "admissible evidence").

Shields's claim fails at the third step because her various attempts at demonstrating pretext are insufficient to raise a genuine issue of material fact. Her argument that Credit One's restructuring rationale lacks documentation is "[m]erely denying the credibility of the employer's proffered reason[]," which does not defeat summary judgment. *Munoz v. Mabus*, 630 F.3d 856, 865 (9th Cir. 2010). Her assertion that another HR employee absorbed her duties and ultimately replaced her position is not supported by the record, given that Credit One hired the alleged replacement to perform other HR functions two weeks before Shields's original eight-week leave, and Credit One did not hire another HR generalist after Shields's termination. That Shields's job duties were redistributed among other HR employees so that her work could be continued while she was on leave does not create a triable issue of pretext. *See Mendoza v. Roman Cath. Archbishop of Los Angeles*, 824 F.3d 1148, 1149 (9th Cir. 2016) (finding no pretext when the plaintiff's full-time role was eliminated because her boss had taken over some of

4                                                    23-2955

her duties during her sick leave). Likewise, the personal messages that Shields received from her coworkers, who did not discuss the elimination of Shields's position, have no bearing on pretext. Finally, the timing of Shields's termination, which took place in close proximity to her request for a leave extension, may be sufficient to establish a prima facie case of discrimination, but as circumstantial evidence of pretext, it is not specific and substantial enough to create a genuine dispute of fact. *See Snead*, 237 F.3d at 1094.

**AFFIRMED.**